IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:15-CV-0401-N-BG |
| GMAG LLC, MAGNESS SECURITIES LLC, GARY D. MAGNESS, and MANGO FIVE FAMILY, INC., IN ITS CAPACITY AS TRUSTEE FOR THE GARY D. MAGNESS IRREVOCABLE TRUST, | § § § § § § § | |
| Defendants. | § | |

**SEALED BRIEF IN SUPPORT OF RECEIVER'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AGAINST THE MAGNESS DEFENDANTS**

There is no dispute that the $88.2 million in transfers from Stanford International Bank, Ltd. ("SIB") to the Magness Defendants[1] are fraudulent under the Texas Uniform Fraudulent Transfer Act ("TUFTA").[2] Accordingly, the Receiver moves for entry of partial summary judgment against the Magness Defendants holding that all of those transfers are fraudulent transfers under TUFTA.[3]

---

[1] The phrase "Magness Defendants" collectively refers to Gary D. Magness, GMAG LLC, Magness Securities LLC, and Mango Five Family, Inc., in its capacity as Trustee for the Gary D. Magness Irrevocable Trust.

[2] TEX. BUS. & COM. CODE ANN. §§ 24.001-.013 (West 2015).

[3] The Receiver's alternative unjust-enrichment claim and the Magness Defendants' affirmative defense of good faith remain at issue in this case. Although the Receiver believes that he will prevail on his claim for unjust enrichment and that the Magness Defendants cannot meet their burden of proof concerning good faith, the Receiver does not at this time move for summary judgment on those two issues.

## ARGUMENT & AUTHORITIES

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). It is law of the case that TUFTA applies to the Receiver's claims against the Magness Defendants and that SIB's transfers to them were fraudulent. *Janvey v. Brown*, 767 F.3d 430, 434-36, 438-39 (5th Cir. 2014) (finding that "TUFTA applies to the Receiver's claims" against the Magness Defendants and the other investor-defendants and that SIB's transfers to them were fraudulent transfers). Pursuant to TUFTA, a transfer is fraudulent "if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor[.]" TUFTA § 24.005(a)(1). Because SIB's transfers were fraudulent as a matter of law, there is no genuine dispute regarding whether the $88.2 million the Magness Defendants received from SIB constitute fraudulent transfers.

It is law of the case that SIB was a Ponzi scheme and that the transfers to the Magness Defendants were fraudulent transfers. This Court and the Fifth Circuit have issued numerous orders and opinions that have universally held that SIB and the other Stanford Entities comprised a Ponzi scheme. *Janvey v. Romero*, 817 F.3d 184, 186 (5th Cir. 2016); *Brown*, 767 F.3d at 433, 436, 439; *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 188, 198-99 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 597 (5th Cir. 2011); [Case No. 3:09-CV-0298-N, Doc. 1858 at 6, 7, 12, 15]; [Case No. 3:09-CV-0724-N-BG, Doc. 1372 at 3, 6-7]; [Case No. 3:09-CV-0724-N-BG, Doc. 909 at 8-9, 16-18, 19]; [Case No. 3:15-CV-0401-N-BG, Doc. 22-21 at 8-9, 16-18, 19]; [Case No. 3:09-CV-0721-N, Doc. 176 at 23, 26-29, 34-36, 43].

All of the evidence establishes that the Stanford Entities, including SIB, constituted a Ponzi scheme. *See* Apr. 22, 2016 K. Van Tassel Decl. at ¶¶ 6-11, App. at 3-8; June 6, 2016 K. Van Tassel Suppl. Decl. at ¶ 32, App. at 5965.  Ms. Van Tassel — the Receiver's expert witness, upon whom this Court and the Fifth Circuit have repeatedly relied — has found that the Stanford Entities, including SIB, were a Ponzi scheme from at least 1999 forward; that SIB was insolvent from at least 1999 forward; and that R. Allen Stanford's reported income from at least 1999 forward was made up almost exclusively from the Stanford Entities, including proceeds from SIB CDs.  *See* Exhibit KVT-07 to Apr. 22, 2016 K. Van Tassel Decl. at ¶ 5, App. at 664-665.  James Davis — the CFO of SIB — also pleaded guilty with respect to his role in the Stanford fraud and admitted that SIB was a Ponzi scheme from its inception.  *See* Exhibit KVT-11 to Apr. 22, 2016 K. Van Tassel Decl., App. at 4051-4110 (Davis guilty plea and transcript of rearraignment).  R. Allen Stanford, Gil Lopez, and Mark Kuhrt have also all been convicted for their roles in the Ponzi scheme and are currently serving federal criminal sentences.  *See United States v. Stanford*, 805 F.3d 557 (5th Cir. 2015) (affirming conviction of R. Allen Stanford); *United States v. Kuhrt*, 788 F.3d 403 (5th Cir. 2015), *cert denied.*, 136 S.Ct. 1376 (2016) (affirming convictions of Mark Kuhrt and Gil Lopez); *see also* Apr. 22, 2016 K. Van Tassel Decl. at ¶ 11, App. at 7-8.

It is undisputed that between October 10, 2008 and October 28, 2008, the Magness Defendants received $88.2 million in transfers from SIB.  *See* Apr. 22, 2016 K. Van Tassel Decl. at ¶¶ 12-15, 18, App. at 8-11, 12; June 6, 2016 K. Van Tassel Suppl. Decl. at ¶¶ 34-35, App. at 5966-5967; *see also* Original Exhibits KVT-4, KVT-4A, KVT-5, KVT-5A, KVT-6, and KVT-6A to Exhibit KVT-04 to Apr. 22, 2016 K. Van Tassel Decl., App. at 342-392 (SIB records showing transfers to the Magness Defendants); Exhibit KVT-12 to Apr. 22, 2016 K. Van Tassel

Decl., App. at 4111-4114 (more SIB records showing transfers to the Magness Defendants). The Fifth Circuit held in *Janvey v. Brown* that payments made by SIB to investors were fraudulent transfers. 767 F.3d at 438-39 ("We agree with the district court that the Receiver established that the Stanford principles [sic] transferred monies to the investor-defendants with fraudulent intent.")[4]; *see also Alguire*, 647 F.3d at 598. The Magness Defendants were appellants in *Janvey v. Brown*, and therefore the decision is conclusive and binding as to them in this case. *See Int'l Marine, L.L.C. v. FDT, L.L.C.*, 619 F. App'x 342, 347 (5th Cir. 2015) ("'Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.' . . . 'The law of the case doctrine applies to matters decided on interlocutory appeals,' . . . and 'applies regardless of whether the issue was decided explicitly or by necessary implication[.]'") (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002), *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010), and *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001)). Therefore, the Magness Defendants are precluded from re-litigating this issue at trial.

## CONCLUSION & PRAYER

The Receiver requests an order of partial summary judgment establishing that the $88.2 million in transfers from SIB to the Magness Defendants were fraudulent transfers under TUFTA. *See* TUFTA § 24.008 (listing the several available remedies of creditors under TUFTA, including "avoidance of the transfer or obligation to the extent necessary to satisfy a creditor's claim"); *id.* at § 24.009(b) ("[T]o the extent a transfer is voidable in an action by a

---

[4] The investor-defendants' affirmative defense of reasonably equivalent value — rather than the affirmative defense of good faith — was at issue in *Brown* and in this Court's prior net-winnings orders. Although the Magness Defendants ultimately returned their $8,515,957.14 in net winnings to the Receiver several months after the Fifth Circuit issued its *Brown* opinion holding that no reasonably equivalent value was provided for those net winnings, no settlement agreement was ever signed or negotiated, and that return of money was not in any settlement of the Receiver's claims in this lawsuit.

creditor under Section 24.008(a)(1) of this code, the creditor may recover judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against . . . the first transferee of the asset or the person for whose benefit the transfer was made[.]"). The Receiver also requests that the Court grant the Receiver such other and further relief to which he may be justly entitled.

Dated: August 1, 2016

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
Kevin M. Sadler
Texas Bar No. 17512450
kevin.sadler@bakerbotts.com
Scott D. Powers
Texas Bar No. 24027746
scott.powers@bakerbotts.com
Brendan A. Day
Texas Bar No. 24052298
brendan.day@bakerbotts.com
Ashley Allen Carr
Texas Bar No. 24082619
ashley.carr@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4039
(512) 322-2500
(512) 322-2501 (Facsimile)

Timothy S. Durst
Texas Bar No. 00786924
tim.durst@bakerbotts.com
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
(214) 953-6503 (Facsimile)

**ATTORNEYS FOR
RECEIVER RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

       On August 1, 2016, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I will serve all parties, through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

                                        */s/ Kevin M. Sadler*
                                        Kevin M. Sadler