IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, RECEIVER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-00401-N |
| § | |
| GMAG LLC, *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

This Order addresses Plaintiff Ralph S. Janvey's (the "Receiver") motions for judgment as a matter of law, [243] and [251], and motion for entry of judgment [260]. Because the jury had a legally sufficient evidentiary basis for its verdict, GMAG, LLC, Magness Securities, LLC, Gary D. Magness, and Mango Five Family, Inc., in its capacity as trustee for the Gary D. Magness Irrevocable Trust, (collectively, the "Magness Defendants") are entitled to judgment and the Court denies the Receiver's motions.

## I. THE ORIGINS OF THE MOTIONS

This case was tried to a jury beginning January 9, 2017. The jury found (1) that the Magness Defendants did not have actual knowledge of R. Allen Stanford's Ponzi scheme, (2) that the Magness Defendants did have inquiry notice of Stanford's Ponzi scheme, and (3) that further investigation of the Magness Defendants' suspicions would have been futile. Court's Charge to the Jury 7–9 [256], Verdict of the Jury [257]. Thus, the Magness

Defendants prevailed at trial on their good-faith defense under the Texas Uniform Fraudulent Transfer Act. The Receiver moves for judgment as a matter of law under Rule 50 on the grounds that (1) the Magness Defendants are estopped from asserting their good-faith defense and (2) the evidence was insufficient to support the verdict. The Receiver also moves for entry of judgment on the jury's verdict on the ground that the jury's finding on inquiry notice is sufficient to require judgment for the Receiver.

### III. THE COURT DENIES THE RECEIVER'S RULE 50 MOTIONS

#### *A. The Magness Defendants Are Not Estopped From Asserting Good Faith*

The Receiver argues that the Magness Defendants made sworn statements on Internal Revenue Service tax forms about their state of mind regarding Stanford and that those statements are incompatible with their good-faith defense. Specifically, the Receiver cites the statement that the Magness Defendants were "concerned" that their certificate of deposit ("CD") "principal was in jeopardy" based on "the investigation of Stanford that was active in 2008." The Receiver argues that the Magness Defendants took a "completely contrary" position in this litigation and that such a "bait-and-switch tactic" is not allowed.

The Magness Defendants' tax form statements are insufficient to preclude their good-faith defense as a matter of law. The Receiver relies on several authorities for the proposition that sworn statements on federal tax returns bind the maker to that position in later judicial proceedings. But given the timing of the transfers (October 2008), Magness Defendants' Stanford Advisor Tom Espy's testimony about when his concerns arose (December 2008), and the time at which the tax form statements were made (September and October 2009), it

is reasonable to conclude that the tax form statements do not contradict the Magness Defendants' position that the October 2008 transfers were taken in good faith. Thus, estoppel doctrines do not require judgment for the Receiver. Moreover, these statements do not establish actual knowledge as a matter of law, nor do they override the jury's finding that investigations of the Magness Defendants' concerns would have led to such knowledge. Consequently, even if the Magness Defendants' tax form statements conclusively established that they were concerned about losing their investment based on a Securities and Exchange Commission investigation of Stanford International Bank, Ltd. ("SIBL"), such a concern would not require the Court to set aside the jury's verdict.

### B. The Jury's Verdict Is Reasonable Based on the Evidence

Based on the evidence in the record, the jury's answers to the Court's questions are reasonable. The Receiver argues that no reasonable jury could have found for the Magness Defendants regarding whether the Magness Defendants had (1) actual notice or (2) inquiry notice of Stanford's Ponzi scheme. Because the jury found that the Magness Defendants were on inquiry notice, the Court addresses only the Receiver's argument on actual notice.

The Receiver argues that the Magness Defendants had actual knowledge of SIBL's fraud or insolvency based on SIBL's refusal to allow the Magness Defendants to redeem their CDs, which contrasted with SIBL's public claims of financial strength. But the jury also heard evidence from a variety of witnesses showing that the Magness Defendants did not have actual knowledge of SIBL's fraud or insolvency. The jury is "the sole judge[] of the credibility . . . of each witness and the weight . . . to be given to the witness's testimony."

Court's Charge to the Jury 3 [256]. Based on the evidence, a reasonable jury could determine that the Magness Defendants did not have actual notice of SIBL's fraud or insolvency. Accordingly, the Receiver is not entitled to judgment as a matter of law on this question.

### IV. THE COURT DENIES THE RECEIVER'S MOTION FOR ENTRY OF JUDGMENT

Neither is the Receiver entitled to judgment on the jury's verdict. The Receiver argues that the jury's finding that the Magness Defendants were on inquiry notice of Stanford's Ponzi scheme is alone sufficient to require judgment for the Receiver. The Court addressed the good-faith analysis in *Janvey v. Alguire*, Civil Action No. 3:09-CV-0724-N (N.D. Tex). In that case, and again in briefing in this case, the Receiver argued that *In re American Housing Foundation*, 785 F.3d 143 (5th Cir. 2015), provided the correct two-step framework for analyzing good faith. Under that framework, the Court examines (1) "whether the transferee had information that put it on inquiry notice that the transferor was insolvent or that the transfer might be made with a fraudulent purpose" and (2) whether, having been put on inquiry notice, the transferee "satisf[ied] a 'diligent investigation' requirement." *Id.* at 164. In *Alguire*, the Court not only adopted the two-step framework, but also concluded that the second step could be rebutted if the jury concluded that further investigation would be futile. The Receiver now argues that the two-step analysis for which he argued is actually a one-step analysis resulting in victory for him. The Court will not revisit its previous rulings on this question. Accordingly, the Court denies the Receiver's motion and, by separate document, renders judgment for the Magness Defendants.

## CONCLUSION

The Court denies the Receiver's motions for judgment as a matter of law under Rule 50. The Court also denies the Receiver's motion for judgment on the jury verdict under Rule 58. By separate document, the Court renders judgment on the verdict for the Magness Defendants.

Signed September 14, 2017.

David C. Godbey
United States District Judge