IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-00401-N |
| § | |
| GMAG LLC, *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

This Order addresses Plaintiff Ralph S. Janvey's (the "Receiver") renewed motion for entry of judgment as a matter of law [282], motion for new trial [280], and motion to amend or correct the judgment [280]. For the reasons below, the Court denies the Receiver's renewed motion for entry of judgment as a matter of law and motion for new trial and grants the motion to amend or correct the judgment.

## I. THE ORIGINS OF THE MOTIONS

This case was tried to a jury beginning on January 9, 2017. On January 18, 2017, the jury found that (1) GMAG, LLC; Magness Securities, LLC; Mango Five Family, Inc., in its capacity as trustee for the Gary D. Magness Irrevocable Trust; and Gary D. Magness (collectively, the "Magness Defendants") did not have actual knowledge of R. Allen Stanford's Ponzi scheme, (2) the Magness Defendants did have inquiry notice of Stanford's Ponzi scheme, and (3) further investigation of the Magness Defendants' suspicions would

ORDER – PAGE 1

have been futile. Court's Charge to the Jury 7–9 [256]; Verdict of the Jury [257]. Thus, the Magness Defendants prevailed at trial on their good-faith defense under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Upon denying the Receiver's previous motions for judgment as a matter of law and motion for entry of judgment, the Court entered final judgment for the Magness Defendants on September 14, 2017. Final Judgment [269]. The Receiver now again moves for judgment as a matter of law under Federal Rule of Civil Procedure 50. The Receiver alternatively moves for a new trial under Rule 59 and further moves to amend or correct the judgment under Rule 59 or 60.

## II. THE COURT DENIES THE RECEIVER'S RENEWED MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

The Receiver moves for entry judgment as a matter of law under Federal Rule of Civil Procedure 50 on the grounds that (1) the Magness Defendants are estopped from contesting notice of the fraudulent nature of the transfers, (2) no reasonable jury could conclude from the evidence that the Magness Defendants did not have inquiry notice in taking the transfers, and (3) the jury's finding on inquiry notice is sufficient to require judgment for the Receiver. But the Court has already rejected these very arguments, *see* Order 2–4 [268], and will not revisit its previous ruling on these issues. Accordingly, the Court denies the Receiver's renewed motion for entry of judgment as a matter of law.

## III. THE COURT DENIES THE RECEIVER'S MOTION FOR NEW TRIAL

The Receiver alternatively moves for a new trial under Federal Rule of Civil Procedure 59 on the grounds that the Court (1) erroneously based the question of good faith in the jury instructions on notice that Stanford was engaged in a Ponzi scheme, (2) committed

ORDER – PAGE 2

plain error by giving prejudicial instructions to the jury, (3) erroneously admitted evidence from defense witnesses concerning Gary Magness' state of mind, (4) erred by admitting the prior deposition testimony of James Davis and Juan-Rodriguez Tolentino, (5) improperly struck a juror for cause *sua sponte* during jury selection, and (6) erroneously granted summary judgment on the issue of unjust enrichment. For the reasons that follow, the Court rejects each of these grounds and denies the motion.

### A. The Court Did Not Err in Basing the Question of Good Faith in the Jury Instructions on Notice That Stanford was Engaged in a Ponzi Scheme

The Receiver first argues that the Court should grant a new trial because the jury instructions (1) incorrectly based the question of good faith on whether the Magness Defendants were on notice that Stanford was engaged in a Ponzi scheme, rather than on notice that Stanford was insolvent or a fraud, and (2) did not define the term 'Ponzi scheme.' Although the Receiver claims that there was sufficient evidence at trial that the Magness Defendants were aware of Stanford's insolvence or fraud, the Court has already ruled that "the evidence in this case [does not] support[] anything other than a Ponzi scheme." Offic. Elec. Tr. of Trial (Volume 6) Procs. 255:4–5 [303]. The Court stands by its prior ruling. Because no reasonable jury could find that the Magness Defendants were on notice of Stanford's insolvence or fraud but not on notice that Stanford was engaged in a Ponzi scheme, the Court's jury instructions on good faith were properly framed. Furthermore, the Court holds that it was not necessary to define 'Ponzi scheme' in the jury instructions given the jury's familiarity with the frequently-used term over the course of the seven day trial. *See Janvey v. Dillon Gage, Inc. of Dallas*, 856 F.3d 377, 389 (5th Cir. 2017) ("As a general

matter, '[t]erms which are reasonably within the common understanding of juries, and which are not technical or ambiguous, need not be defined in the trial court's charge.'" (citing *United States v. Anderton*, 629 F.2d 1044, 1048–49 (5th Cir. 1980))). In any event, any error in not defining the term in the jury instructions was harmless given that the Court previously defined the term during trial. *See* Offic. Elec. Tr. of Trial (Volume 1) Procs. 10:19–24 [298]. Thus, a new trial is not warranted on this ground.

### B. The Court Did Not Commit Plain Error in Giving Instructions to the Jury

The Receiver next argues that the Court should grant a new trial because the jury instructions on the good faith question were confusing and the Court improperly verbally advised the jury as to the legal effect of its answers to the questions in the jury charge. But the question at issue, despite being framed in the negative, was not unduly confusing and the Court properly gave "instructions and explanations necessary" for the jury to answer the questions submitted. FED. R. CIV. P. 49(a)(2). Moreover, the Court did not err in informing the jury as to the legal effect of its answers to the jury charge questions, as "[f]ederal judges are free to tell the juries the effects of their answers." *Turlington v. Phillips Petroleum Co.*, 795 F.2d 434, 443 (5th Cir. 1986). Accordingly, this argument does not merit a new trial.

### C. The Court Did Not Erroneously Admit Evidence from Defense Witnesses Concerning Gary Magness' State of Mind

The Receiver further argues that the Court should grant a new trial because it erred in admitting evidence from several defense witnesses concerning Gary Magness' state of mind. In particular, the Receiver points to seven examples of defense witnesses allegedly speculating about what Gary Magness knew or believed, purportedly in violation of the

Federal Rules of Evidence, Fifth Circuit case law, and the Court's own comments during pretrial conference. Yet the Receiver overlooks the Court's clarification during trial that when there is "foundation for the testimony" – if, for example, the witness was "there and heard things that allowed [her] to conclude what another person was thinking" – such evidence is admissible and in accordance with Fifth Circuit precedent. Offic. Elec. Tr. of Trial (Volume 3) Procs. 170:7–17 [300]; *see John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1294 (5th Cir. 1978). Upon reviewing the testimony now contested by the Receiver, the Court holds that each piece of evidence had proper foundation and was rightly admitted. Consequently, the Receiver is not due a new trial on this ground.

### D. The Court Did Not Err in Admitting Prior Deposition Testimony of James Davis and Juan-Rodriguez Tolentino

The Receiver additionally argues that the Court should grant a new trial because it erroneously admitted deposition testimony of James Davis and Juan-Rodriguez Tolentino from prior legal actions. The Receiver claims that the prior deposition testimony was inadmissible because (1) the prior actions and the instant case involve different causes of action and (2) the incentive to contest the issues in the prior actions was not the same as that in the instant case. But these points are unavailing. First, the causes of action in the two suits need not be the same for deposition testimony from a prior action to be admitted in a later case. *See* MCCORMICK ON EVIDENCE § 304 ("[N]either the form of the proceeding, the theory of the case, nor the nature of the relief sought need be the same between the proceedings. . . . The requirement has become, not a mechanical one of identity or even of substantial identity of issues, but rather that the issues in the first proceeding, and hence the

purpose for which the testimony was offered, must have been such as to produce an adequate motive for testing on cross-examination the credibility of the testimony."). Second, the principal inquiry in admitting prior deposition testimony is whether the party against whom it is later offered had a "similar motive" to develop it on, for example, cross-examination. FED. R. EVID. 804(b)(1)(B). Yet "similar motive does not mean identical motive," *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000), and the Court has already determined that the Receiver had "sufficiently adequate incentive to cross" the deponents at issue here, Offic. Elec. Tr. of Trial (Volume 4) Procs. 65:23 [301]. The Court thus holds that the prior deposition testimony was properly admitted pursuant to Federal Rule of Evidence 804(b)(1) and Federal Rule of Civil Procedure 32(a)(8). Hence, this argument does not merit a new trial.

### E. The Court Did Not Improperly Strike a Juror for Cause *Sua Sponte* During Jury Selection

The Receiver next argues that the Court should grant a new trial because it improperly struck a juror for cause *sua sponte*. During voir dire, Juror No. 12, the juror at issue, indicated that she had previously invested in a company that had "bottom[ed] out," resulting in investors losing "substantial amounts" of money. Offic. Elec. Tr. of Trial (Volume 1) Procs. 68:21–69:2 [298]. In response to the Court's question asking whether the similarity of her prior experience to the facts of the instant case would impact her ability to be a fair juror, Juror No. 12 stated:

> To be totally honest with you, I'll say it had a big impact on me, so I don't know if I could totally be honest, because I don't know what would be mentioned, you know, what would be said to relate to, you know, what I saw

in the past. So I think that it would have some bearings on it, a lot of bearings on it really.

*Id.* at 69:13–18. Over the Receiver's objection, the Court then struck Juror No. 12 for cause, explaining that "given her personal financial loss and the factual similarities . . . she said [her prior experience] would affect her [ability to be a fair juror]." *Id.* at 71:23–72:1. The Receiver now claims that the Court's *sua sponte* dismissal of Juror No. 12 was improper because she did not unequivocally say she could not be fair. However, the Court's factual determination was within its discretion, as the juror's statements sufficiently demonstrated her inability to be impartial in the case. This ground thus does not warrant a new trial.

### F. The Court Did Not Erroneously Grant Summary Judgment on the Issue of Unjust Enrichment

The Receiver finally argues that the Court should grant a new trial because its grant of summary judgment for the Magness Defendants on the issue of unjust enrichment at the pretrial conference, after previously denying the motion via written order, was legally erroneous and thus constituted prejudicial error. As the Receiver himself recognizes, *see* Rec.'s Reply in Supp. of Mot. for New Trial and Fur. Alt. Mot. to Amend or Corr. the J. 3 [297], the Court's reconsideration of the original summary judgment ruling is indeed procedurally permissible, *see* Fed R. Civ. P. 54(b); *Jackson v. Roach*, 364 Fed. App'x. 138, 139 (5th Cir. 2010). On the merits, as the Court explained at length at the pretrial conference, the Court's grant of summary judgment was legally proper because the Receiver's theory of unjust enrichment "would be an extension under Texas law," the governing law on the issue. Offic. Elec. Tr. of Pretrial Conf. Procs. 5:8 [305].

The Receiver now argues that the question of good faith under the TUFTA and the question of whether the Magness Defendants were unjustly enriched are two separate questions that should have been presented to a jury. The Court, however, stands by its prior holding that "there[ is] [no] possible circumstance where the Receiver could lose on its TUFTA claim yet prevail on its unjust enrichment claim" and thus the second question need not have been submitted to the jury. *Id.* at 5:20–22. Specifically, the jury could not find unjust enrichment consistently with its findings that the Magness Defendants did not have actual knowledge of Stanford's Ponzi scheme and that any investigation would have been futile. Hence, "any error in [this] decision [is] harmless," thereby not warranting a new trial. *Id.* at 5:19. The Court additionally holds that any impact this decision had on the parties' preparation for trial was not prejudicial. Consequently, this ground is not an adequate basis for a new trial.

### IV. THE COURT GRANTS THE RECEIVER'S MOTION TO AMEND OR CORRECT THE JUDGMENT

The Receiver further moves to amend or correct the judgment under Federal Rule of Civil Procedure 59 or 60 on the grounds that the final judgment issued by the Court, *see* Final Judgment [269], is inconsistent with a prior Court order granting partial summary judgment to the Receiver for net winnings received by the Magness Defendants, *see* Order [909] *in Janvey v. Alguire*, Case No. 3:09-CV-0724-N (N.D. Tex). Pursuant to Rule 60, a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). The "core idea" of the rule is that a judgment may be corrected where it "simply has not accurately

reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *Rivera v. PNS Stores*, Inc., 647 F.3d 188, 193 (5th Cir. 2011) (footnote omitted). The Fifth Circuit has clarified:

> Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under Rule 60(a), even where doing so materially changes the parties' positions and leaves one party to the judgment in a less advantageous position.

*Id.* at 199. Because the Court did indeed previously grant summary judgment for the Receiver on the issue of the Magness Defendants' net winnings but inadvertently omitted this ruling from the final judgment, the Court grants the Receiver's motion to amend or correct the judgment. The Court issues by separate document an amended final judgment that properly reflects this prior adjudication.

## CONCLUSION

The Court denies the Receiver's renewed motion for entry of judgment as a matter of law and motion for new trial. The Court grants the Receiver's motion to amend or correct the judgment. By separate document, the Court issues an amended final judgment for the Magness Defendants that correctly reflects the Court's prior grant of summary judgment to the Receiver with respect to the Magness Defendants' net winnings.

Signed December 13, 2017.

David C. Godbey
United States District Judge